### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELVIN HALE, Ph.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-4183-DDC-KGG |
| ) | |
| EMPORIA STATE UNIVERSITY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### MEMORANDUM & ORDER ON
### MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
### AND MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with his federal court Complaint alleging retaliation and violations of Title VII, Plaintiff Melvin Hale has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 4, sealed), a Motion to Appoint Counsel (Doc. 5) and a memorandum in support (Doc. 6). Having reviewed Plaintiff's motions, his financial affidavit, Complaint, and filings in a prior related case,[1] the Court **GRANTS** Plaintiff's motion for *IFP* status (Doc. 3) but **DENIES**

---

[1] Plaintiff initially filed a lawsuit solely against Emporia State University. Case No. 15-4947-SAC-KGS. After surviving two motions to dismiss, filing three Amended Complaints, filing a motion for summary judgment of his own, and engaging in limited discovery, Plaintiff moved for, and was granted, voluntary dismissal of that case, without prejudice, due to undisclosed medical issues. (No. 15-4947-SAC-KGS, Doc. 93.) The District Court granted that motion " upon the condition that all pleadings, discovery,

his request for counsel (Doc. 5).

I.     **Motion to Proceed Without Prepayment of Fees.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* ***Patillo v. N. Am. Van Lines, Inc***., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff does not indicate his age.  (*See generally* Doc. 4, sealed.)  He does, however, indicate that he is married.  (*Id*., at

---

testimony, orders or rulings, or any other substantive matters from these proceedings, will be binding in any later filed action of the same claims so as not to prejudice either party to this action, with costs to be borne by the party incurring it." (*Id*., at 6.)

2

2.) Although he leaves blank the portion of the form in which he should list his dependents (*id.*), the "Comments" portion of his affidavit states that he has approximately $400.00 per month for child support payments which are currently coming out of his monthly Social Security payments. (*Id.*, at 4.) Plaintiff and his wife are currently unemployed. He lists Defendant Emporia State University listed as his most recent employer. (*Id.*) He lists a small amount for monthly Social Security benefits. (*Id.*, at 4.)

    Plaintiff does not own any real property but he and his wife have two automobiles on which they currently owe money. (*Id.*, at 2.) He lists no monthly rent payment, but indicates he and his wife have been evicted and have been staying with friends. (*Id.*, at 4.) He receives food stamps. (*Id.*) He lists standard monthly expenses, including sizeable student loans, which far exceed the Social Security payments he receives. (*Id.*, at 3.) He lists only a small amount of cash on hand. (*Id.*)

    Considering all of the information contained in the financial affidavit, Plaintiff exits on government benefits that do not cover his stated living expenses. The Court thus finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court **GRANTS** Plaintiff's motion for leave to proceed *in*

*forma pauperis* (Doc. 3) and directs that the cases be filed without payment of a filing fee.

## II.     Motion to Appoint Counsel.

Plaintiff has also filed a motion requesting the appointment of counsel. (Doc. 3.) The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. **McCarthy v. Weinberg**, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); **Castner v. Colorado Springs Cablevision**, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

As discussed above, Plaintiff's financial situation would make it impossible for him to afford counsel. The second **Castner** factor is Plaintiff's diligence in searching for counsel. The form motion used by Plaintiff indicates that he has

4

contacted at least nine attorneys but has "been unable to obtain their services." (Doc. 5.)

The next factor is the merits of Plaintiff's case. *See* **McCarthy**, 753 F.2d at 838-39 (10th Cir. 1985); **Castner**, 979 F.2d at 1421. For the purposes of this motion, the Court does not find Plaintiff's claims to be frivolous or futile. The analysis will thus turn to the final *Castner* factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

Plaintiff argues that he "is not sufficiently qualified as a pro se to continue litigating [this] case without counsel." (Doc. 6, at 3.) He continues that in the prior litigation, "[a]t the state where [he] filed for voluntary dismissal, . . . based on the volume and nature of the requests for production made by defendants, plaintiff did not believe that he could respond in an appropriate manner as a pro se litigant."

5

(*Id*.)

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. To the contrary, as stated by the District Court in the initial litigation, Plaintiff "has been diligent in litigating this case . . . ." (*See* Doc. 6, at 3; *see also* n.1, *supra*.) Plaintiff has successfully filed two federal court Complaints and has engaged in fairly complex motion practice, providing reference to relevant federal statute and case law. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 5, sealed) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 5) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 25th day of January, 2017.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge