# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MELVIN HALE,**

      **Plaintiff,**

vs.

**JACKIE VIETTI,
DAVID CORDLE,
JUDY ANDERSON,
KEVIN JOHNSON,
RAY LAUBER,
MIRAH DOW, and
GARY WYATT,**

      **Defendants.**

**Case No. 16-4183-DDC-KGG**

## MEMORANDUM AND ORDER

Plaintiff Melvin Hale brings this action pro se[1] against seven individual defendants, alleging that defendants retaliated against him after he exercised his right to speak out against discrimination and racism. Plaintiff asserts a First Amendment retaliation claim under 42 U.S.C. § 1983 against each defendant in his or her individual capacity. On September 6, 2017, the court entered a Scheduling Order in the case establishing a discovery deadline of March 2, 2018, and a dispositive motion deadline of April 6, 2018.

Not long after the court issued the Scheduling Order, on October 23, 2017, plaintiff filed a Motion for Summary Judgment. Doc. 34. His motion seeks summary judgment in his favor on his First Amendment retaliation claim. *Id.* at 1. Plaintiff contends that "the undisputed evidence conclusively shows that Defendants violated [his] First Amendment Rights" and "there are no genuine issues of material." And so, he asks the court to grant his motion for summary

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

judgment.  *Id.* at 5.  Plaintiff recognizes that, if the court grants his motion, "[s]uch a ruling would leave the appropriate compensatory, exemplary and punitive damages, if any, as the issues to be resolved at trial."  *Id.*

Defendants have responded to plaintiff's Motion for Summary Judgment by filing an Application for Dismissal or Stay of Defendants' Opposition to Plaintiff's Motion for Summary Judgment.  Doc. 39.  Invoking Federal Rule of Civil Procedure 56(d), defendants ask the court to deny plaintiff's summary judgment motion without prejudice or defer considering the motion to allow defendants additional time to discover the facts essential to justify their Opposition to the summary judgment motion.

Federal Rule of Civil Procedure 56(d) provides:  "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  The Tenth Circuit has held that the general principle of Rule 56(d) is that "'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"  *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (interpreting the same rule formerly codified as Rule 56(f)).  But, a party must do more than assert "that the evidence supporting [the party's] allegation is in the hands of the [opposing party]."  *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985).  Instead, the party must identify with some degree of specificity the facts it believes that additional discovery will uncover.  *See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993).  "Unless dilatory or lacking in merit," a party's Rule 56(d) request "should be liberally treated."  *Id.* at 1554 (citation and internal

2

quotation marks omitted). The decision to grant additional discovery under Rule 56(d) is within the district court's discretion. *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984); *see also Pfenninger v. Exempla, Inc.*, 116 F. Supp. 2d 1184, 1194 (D. Colo. 2000) ("The district courts exercise discretion in deciding whether to grant a [Rule 56(d)] motion.").

Consistent with Rule 56(d), defendants' counsel has submitted an affidavit supporting the request to deny or defer consideration of plaintiff's summary judgment motion. In it, defense counsel asserts that the parties have not yet taken any depositions in the case. Indeed, as noted, discovery does not close until March 2, 2018. Defense counsel also asserts that plaintiff's motion significantly relies on declarations signed by plaintiff and his wife. Also, they rely on transcripts of conversations that either plaintiff or his wife allegedly recorded. Defense counsel asserts that defendants need more time to depose plaintiff and his wife to ask about the information contained in their declarations, the facts alleged in the Complaint, and other, relevant discovery topics. Defense counsel also asserts that defendants need more time to discover facts relevant to the claims and defenses asserted in this action because such facts are essential to their Opposition to plaintiff's summary judgment motion.

Plaintiff opposes defendants' motion. He asserts that a Tenth Circuit case cited in defendants' motion favors him, and so the court should overrule defendants' Rule 56(d) motion. The case is *Trans-Western Petroleum, Inc. v. United States Gypsum Co.*, 830 F.3d 1171 (10th Cir. 2016). In it, the Tenth Circuit held that a district court did not abuse its discretion by denying a defendant's Rule 56(d) motion. *Id.* at 1175–76. At the same time, the Circuit recognized that "discovery is the norm prior to granting summary judgment," and that a district court should not grant summary judgment "'where the nonmoving party has not had the

3

opportunity to discover information that is essential to his opposition.'" *Id.* at 1175 (quoting *Anderson*, 477 U.S. at 250 n.5). But, in *Trans-Western*, the Circuit concluded that the defendant had not satisfied that standard because it had offered only "vague, general statements of what [it] hoped to discover," which was a "far cry from the 'facts essential to justify its opposition' required by [Rule] 56(d)." *Id.* at 1176. Those facts differ significantly from the ones here. Through defense counsel's affidavit, defendants have provided specific facts that they have not yet had the opportunity to discover but intend to seek through written discovery and depositions. Defendants also explain why these facts are essential to their Opposition to plaintiff's Motion for Summary Judgment. This showing satisfies Rule 56(d)'s requirements.

Given the factual issues presented in plaintiff's motion and that no depositions have occurred in the case to date, the court finds it is premature to consider plaintiff's summary judgment motion without providing defendants an opportunity for discovery. Indeed, many of the facts that plaintiff relies on to support his motion will turn on issues that only additional discovery can reveal. Exercising its discretion, the court denies plaintiff's Motion for Summary Judgment (Doc. 34) as premature, but without prejudice to later refiling after full discovery is complete.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Summary Judgment (Doc. 34) is denied without prejudice.

**IT IS FURTHER ORDERED** that defendants' Application for Dismissal or Stay of Defendants' Opposition to Plaintiff's Motion for Summary Judgment (Doc. 39) is granted.

**IT IS SO ORDERED.**

5

Dated this 22nd day of November, 2017, at Topeka, Kansas.

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**