# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELVIN HALE, PH.D., ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JACKIE VIETTI, PH.D., *et al.*, ) <br> ) <br>     Defendants. ) <br> _____) | Case No. 16-4183-DDC-KGG |

## ORDER DENYING MOTION TO COMPEL
## PRODUCTION OF NON-PARTY LITIGATION FILES

Defendant Jackie Vietti, Ph.D. (hereby referred to as "Defendant") has filed a motion to compel Plaintiff to respond, or to respond more fully, to Defendant's Requests for Production of Documents under Fed.R.Civ.P. 34 and Interrogatories under Fed.R.Civ.P. 33.  (Doc. 59.)  Plaintiff has filed responses to these requests, including objections, so the Court's task is to consider the objections and evaluate the adequacy of the responses.  Having reviewed the parties' submissions, including the discovery requests and responses at issue, the Court **GRANTS in part** and **DENIES in part** Defendant's motion (Doc. 59).

**A.  Standards for Discovery.**

Generally, parties "may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the

case." Fed.R.Civ.P. 26(b)(1).  Plaintiff has not interposed claims of privilege to the requests as issue and the Court does not find obvious issues of privilege in the requests.  Thus, the task is, for the most part, for the Court to determine whether Defendant's discovery requests are relevant and proportional.

Much of Plaintiff's Response (Doc. 64) focuses on the conduct of Defendants during discovery, complaining that that Defendants have not complied with Plaintiff's discovery requests.  These issues are not relevant to the present motion.  Rather, they must be evaluated on their own merit if and when raised by Plaintiff by separate motion.  Given this general background, the Court thus analyses the discovery requests at issue.

## B. Requests for Production.

Defendant propounded twelve separate Requests for Production of Documents to Plaintiff.  Plaintiff submitted written responses, but did not actually produce any documents.  Plaintiff is required to produce actual documents identified in the responses which are within the scope of discovery.  For efficiency, Plaintiff need not produce documents which were produced to him by Defendants or marked as exhibits in depositions or pleadings, but such responsive documents must be identified in his response by specific page number or exhibit number.  Plaintiff also need not produce an actual document which is clearly identified if defense counsel agrees Defendant is already in possession of the document.

Otherwise, the discovery response is not complete until the document is produced to Defendant.

Request No. 1 seeks documents Plaintiff "reasonably anticipate[s] introducing as an exhibit in the trial of this matter." (Doc. 60-3, at 2.) Plaintiff objects that the request is overbroad, does not comply with Fed.R.Civ.P. 34, and calls for irrelevant information.[1] Plaintiff's unsupported objections are **overruled**. A party objecting to discovery requests has the burden to substantiate those objections unless the request is facially objectionable. *See **Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Serv. Cntr.***, 211 F.R.D. 658, 663 (D. Kan. 2003) (holding that a party objecting to undue burden or relevancy has the burden to establish the objection). Plaintiff is ORDERED to respond to Request No. 1.

In addition to the objections, Plaintiff provided an extensive list of documents in response to this request. He did not, however, provide Defendant with the requested documents. Plaintiff is, therefore, ORDERED to provide copies of the actual documents within the parameters described in the initial paragraph of this section, *supra*. Defendant's motion is **GRANTED** as to this request.

---

[1] Plaintiff also objects that this and other Requests seeks information "not reasonably calculated to lead to the discovery of admissible evidence." The Court notes that the "reasonably calculated" standard has been replaced by the "proportional to the needs of the case" standard. *See* Fed.R.Civ.P. 26(b).

Request No. 2 asks for documents "reflecting any remuneration for work . . . and/or benefits . . . Plaintiff has received since leaving employment with Defendant." (Doc. 60-3, at 5.) Plaintiff responds that he has not worked and is living on Social Security. (*Id.*) Plaintiff has, however, failed to provide supporting documentation. The motion is **GRANTED**. Plaintiff is ORDERED to produce any documents reflecting remuneration from Social Security. Plaintiff is directed to redact (black out) his Social Security Number from any such responsive document(s) produced.

Request No. 3 asks for Plaintiff's tax records for the past five years. (Doc. 60-3, at 5.) Plaintiff's relevance objection is **sustained in part** because the request is facially irrelevant, in part. *Holick v. Burkart*, No. 16-1188-JTM-KGG, 2017 WL 5904033, at *3 (D. Kan. Nov. 30, 2017). Plaintiff is ORDERED to provide his Federal Tax Returns beginning with the year he last worked for Emporia State University. This should include any form W-2, 1099, or other tax form(s) reflecting income or payments for work or government benefits. He need not produce any attachments relating only to his spouse or relating to income from interest or investments. He is directed to redact his Social Security number. The Motion is **GRANTED** in part.

Request No. 4 seeks documents related to Plaintiff's job search. (Doc. 60-3, at 5.) Plaintiff objects that the request is overbroad, unduly burdensome, and does

4

not comply with Fed.R.Civ.P. 34.  Plaintiff's unsupported objections are overruled.  *See **Goodyear Tire***, 211 F.R.D. at 663.  Defendant's Motion is **GRANTED** as to Request No. 4.  Plaintiff is ORDERED to respond to Request No. 4.

Request No. 5 seeks documents "on which you base your claim and/or which you contend support your allegations in the Complaint."  (Doc. 60-3, at 6.)  Plaintiff's unsupported objections to this request are **overruled**.  *Goodyear Tire*, 211 F.R.D. at 663.  It is likely, however, that this request is mostly, perhaps entirely, redundant with Request No. 1.  Plaintiff is thus ORDERED to identify and produce any documents not identified and produced in response to Request No. 1.  Defendant's Motion is **GRANTED in part** as to this request.

Request No. 6 asks for documents relating to statements by any Defendant or their representatives concerning the allegations in the Complaint.  (Doc. 60-3, at 6.)  Plaintiff objects that the request is overbroad, fails to comply with Fed.R.Civ.P. 34, and calls for irrelevant information.  (*Id.*)  Plaintiff's unsupported objections are **overruled**.  *See **Goodyear Tire***, 211 F.R.D. at 663.  Plaintiff will respond by identifying documents responsive to this request, even if the documents have been identified or produced in response to another request. The Motion is **GRANTED** as to Request No. 6.

Request No. 7 seeks documents relevant to Plaintiff's damages claims.  (Doc. 60-3, at 6.)  Plaintiff objects that the request is overbroad, fails to comply

with Fed.R.Civ.P. 34, and calls for irrelevant information. (*Id.*) Plaintiff's unsupported objections are overruled. *See* **Goodyear Tire**, 211 F.R.D. at 663. Defendant's motion is **GRANTED** as to Request No. 7 and Plaintiff is ORDERED to produce any documents relevant to his alleged damages.

Request No. 9 instructs Plaintiff to "execute the attached forms: (1) Employment Records Release, (2) Authorization for Release of Education Records, and (3) HIPAA Compliant Authorization for the Release of Patient Information Pursuant to 45 CFR 164.508." (Doc. 60-3, at 6.) The Motion regarding this Request is **DENIED**. No provision in the Rules requires a party to create a document in response to a document request and no provision compels a party to sign a release.

### C.   Interrogatories.

Interrogatory No. 1 asks for the name, title, and address of the person responding to the interrogatories. (Doc. 60-3, at 12.) The Court agrees with Defendant that Plaintiff's response is incomplete without his updated residential address. (Doc. 60, at 6.) The Motion is **GRANTED** and Plaintiff is ORDERED to provide his current residential address.

Interrogatory No. 2 requests information concerning persons who may have knowledge of the facts alleged in the Complaint. (Doc. 60-3, at 13.) Interrogatory No. 3 requests information and details concerning potential trial witnesses. (*Id.*)

Interrogatory No. 4 requests a list of potential trial exhibits and details concerning the relevance of expected use of the exhibits at trial.  (*Id*., at 14.)  Plaintiff objects that the interrogatories are overbroad, fail to comply with Fed.R.Civ.P. 34, and calls for irrelevant information.  (*Id*., at 13, 14.)  The Court finds the interrogatories to be facially relevant.  Plaintiff's unsupported objections are, therefore, **overruled**.  See *Goodyear Tire*, 211 F.R.D. at 663.

In addition to the objections, Plaintiff's responses to Interrogatories Nos. 2, 3, and 4 refer Defendant to his Complaint and Initial Disclosures.  (Doc. 60-3, at 13, 14.)  Plaintiff's reference to previous pleadings does not adequately answer the questions.  Defendant's Motion is **GRANTED** as to Interrogatories Nos. 2, 3, and 4.  Plaintiff is instructed to provide the name, address, and telephone number of all persons who may have knowledge of the facts alleged in his Complaint (No. 2), information regarding potential trial witnesses (No. 3), and information regarding trial exhibits (No. 4).

Interrogatory No. 6 requests details concerning the Plaintiff's efforts to mitigate his damages by replacing his employment.  (Doc. 60-3, at 15.)  Plaintiff objects that the interrogatory is overbroad, unduly burdensome, and fails to comply with Fed.R.Civ.P. 34.  (*Id*.)  The interrogatory is relevant and not unduly burdensome considering Plaintiff's claims.  These unsupported objections are **overruled**.  See *Goodyear Tire*, 211 F.R.D. at 663.  Plaintiff's reference to

responses to production requests does not adequately answer the question, particularly because Plaintiff never provided responsive documents to those requests, never indicated he would permit inspection. The response is incomplete. Defendant's Motion is **GRANTED** as to Interrogatory No. 6. Plaintiff is instructed to respond to each subpart of the Interrogatory in full and without objection.

Interrogatory No. 7 seeks information concerning all of Plaintiff's heath care providers from the beginning of his employment with Emporia State University to the present. (Doc. 60-3, at 19.) Plaintiff's objections include that this request is irrelevant. (*Id.*) The Court agrees that the request for medical information is facially irrelevant given the nature of Plaintiff's claims for retaliation based on race. In response to Plaintiff's objection, Defendant has made no effort to demonstrate the relevance of this interrogatory. Plaintiff's objection is **sustained** and this portion of Defendant's motion is **DENIED**.

Interrogatory No. 8 requests details concerning any claimed admissions against interest by the Defendant or its agents. (Doc. 60-3, at 19.) Plaintiff objects that the interrogatory is overbroad and unduly burdensome. (*Id.*, at 20.) The Court finds the interrogatory to be relevant and these unsupported objections are overruled. *See* **Goodyear Tire**, 211 F.R.D. at 663. Further, Plaintiff's reference to previous pleadings does not adequately answer the question. (Doc. 60-3, at 20.)

Defendant's Motion is **GRANTED** as to Interrogatory No. 8. Plaintiff is instructed to respond in full and without objection.

Interrogatory No. 9 requests information concerning Plaintiff's history with civil and criminal litigation and administrative proceedings. (Doc. 60-3, at 20.) Plaintiff objects that this request is irrelevant. (*Id.*) The Court finds this discovery request to be facially irrelevant and/or overbroad given the nature of Plaintiff's claims and the breadth of the inquiry. Further, Defendant has made no effort to demonstrate the relevance of this interrogatory. Plaintiff's objection is **sustained** and Defendant's motion is **DENIED** as to Interrogatory No. 9.

Interrogatories Nos. 10 and 11 request details concerning "witnesses Plaintiff intends to have testify on his behalf in this case, whether in person or by deposition." (Doc. 60-3, at 20.) Plaintiff objects that the interrogatories are overbroad and fail to comply with Fed.R.Civ.P. 34, then refers Defendant to prior filings. (*Id.*) These unsupported objections are **overruled**. *See* ***Goodyear Tire***, 211 F.R.D. at 663. The interrogatories are facially relevant and the reference to previous pleadings does not adequately answer the questions. The Motion is **GRANTED** as to Interrogatories Nos. 10 and 11. Plaintiff is instructed to respond fully and without objection.

**D.    Request for Sanctions.**

The Court has considered Defendant's request for sanctions pursuant to Rule 37(a)(5). The award of sanctions is not appropriate in this instance where the Plaintiff, acting *pro se*, made a good faith effort to respond to the discovery within the rules. This portion of Defendant's motion is **DENIED**.

Defendant's Motion to Compel (Doc. 59) is, therefore, **GRANTED in part** and **DENIED in part** as more fully set forth above. Defendant's request for sanctions is **DENIED**. Plaintiff shall supplement his discovery responses and provide responsive documents on or before August 31, 2018.

Dated this 12th day of June, 2018, at Wichita, Kansas.

                                                      s/ KENNETH G. GALE
                                                     Kenneth G. Gale
                                                     United States Magistrate Judge