# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MELVIN HALE, PH.D.,

    **Plaintiff,**

vs.

JACKIE VIETTI, PH.D.,
DAVID CORDLE, PH.D.,
JUDY ANDERSON,
KEVIN JOHNSON,
RAY LAUBER,
MIRAH DOW, PH.D. and
GARY WYATT, PH.D.,

    **Defendants.**

Case No. 16-4183-DDC-KGG

## MEMORANDUM AND ORDER

Plaintiff Melvin Hale, a former professor at Emporia State University ("ESU"), brings this action pro se[1] against seven individual defendants. He claims that defendants retaliated against him after he exercised his right to speak out against discrimination and racism at ESU. Plaintiff asserts a First Amendment retaliation claim under 42 U.S.C. § 1983, suing each defendant in the defendant's individual capacity.

On November 2, 2018, defendants filed a Motion for Summary Judgment against plaintiff's § 1983 claims asserted against each defendant. Doc. 74. Defendants' motion recites that they seek summary judgment against plaintiff's claims "[p]ursuant to Fed. R. Civ. P. 56, D. Kan. Rule 56.1, and the Court's Pretrial Order . . . ." *Id.* at 1.

---

[1]     Because plaintiff proceeds pro se, the court construes his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But, under this standard, the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for plaintiff or search the record. *Id.*

Under Federal Rule of Civil Procedure 56(a), a court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(c)(1) provides:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Also, our court's local rules require a party moving for summary judgment to set forth a "concise statement of material facts" over which "no genuine issue exists." D. Kan. Rule 56.1(a). "The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies." *Id.*

Defendants' motion here contains no statement of material facts as the rules require. Defendants' Memorandum in Support of its Motion contains a heading titled "Statement of Uncontroverted Facts." Doc. 75 at 2. Under the heading, the Memorandum recites "[See Attached]." *Id.* But defendants never filed any attachment containing their Statement of Uncontroverted Facts.

Plaintiff alerted defendants to their omission on the first page of his Opposition to defendants' Motion for Summary Judgment. Doc. 78-1 at 1. Plaintiff's Opposition recites:

> Defendants make mention of a "Statement of Uncontroverted Facts" in [their] memorandum filed on November 3, 2018, ECF 75, pg. 2, but defendants did not produce a Statement of Uncontroverted Facts. The documents filed with the court in conjunction with defendant[s'] motion are listed on the PacerMonitor.com site, and the webpage from that site, which mirrors PACER site, shows no separate filing

> of a Statement of Uncontroverted Facts. *See* Exhibit NN. Plaintiff is thus unable
> to assess the bearing of defendant[s'] alleged uncontroverted facts.

*Id.* at 1–2. Plaintiff then provided his own factual statements in 58 separately numbered paragraphs with citations to the portions of the summary judgment record he relies on to support the facts. *Id.* at 2–21. By doing so, plaintiff complied with our local summary judgment rules governing a memorandum opposing summary judgment. *See* D. Kan. Rule 56.1(b)(2) ("If the party opposing summary judgment relies on any facts not contained in movant's memorandum, that party must set forth each additional fact in a separately numbered paragraph, supported by references to the record, in the manner required by subsection (a), above. All material facts set forth in this statement of the non-moving party will be deemed admitted for the purpose of summary judgment unless specifically controverted by the reply of the moving party.").

Defendants never filed a Reply to plaintiff's Opposition. So, defendants haven't done anything to correct their omission from their original motion—an omission that plaintiff, by then, had called to their attention. Defendants haven't sought leave to file their Statement of Facts or to amend their current summary judgment filing. In short, defendants have submitted no statement of material facts with appropriate citations to the summary judgment record, as Fed. R. Civ. P. 56 and D. Kan. Rule 56.1(a) require. The court could deny defendants' summary judgment motion for this reason alone. *See, e.g.*, *Wilson v. Skiles*, No. 02-3190-JAR, 2005 WL 466207, at *2 (D. Kan. Feb. 4, 2005) (striking pro se plaintiff's summary judgment motion for failing to comply with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1); *Ellibee v. Posey*, No. 02-3233-JAR, 2005 WL 664043, at *1 (D. Kan. Jan. 11, 2005) (striking plaintiff's motion for summary judgment for failing to comply with Fed. R. Civ. P. 56 and D. Kan. R. 56.1); *Wolters v. Conner*, No. 03-3251-KHV, 2004 WL 723585, at *5 (D. Kan. Apr. 1, 2004) (denying plaintiff's summary judgment motion for failing to comply with D. Kan. Rule 56.1).

But the court also denies defendants' summary judgment motion on its merits. Simply, defendants have failed to establish that summary judgment is appropriate. To deserve summary judgment, a moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendants, as the moving parties, bear "'both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law.'" *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)). Defendants have failed to meet their summary judgment burden.

Defendants' motion argues that they are entitled to summary judgment for several reasons. *First*, defendants contend, summary judgment is appropriate because plaintiff did not engage in constitutionally protected speech. Doc. 75 at 2–4. Defendants argue that plaintiff's speech amounted to defamation against another ESU employee, and thus doesn't deserve constitutional protection. *Id.* But defendants cite no summary judgment facts from which the court could conclude that plaintiff's speech constituted defamation as a matter of law.

*Second*, defendants argue, summary judgment is warranted because plaintiff cannot show that each defendant personally participated in the alleged constitutional deprivation. Doc. 75 at 4–6. To support this argument, defendants rely on the Complaint's allegations—not any facts in the summary judgment record. In response to defendants' motion, plaintiff has come forward with his own summary judgment facts that—he contends—present a triable issue whether each defendant participated in a constitutional violation. *See, e.g.*, Doc. 78-1 at 5, 7–11, 13–15, 19–20, 29. Defendants haven't controverted any of these facts because they never filed a Reply. So, the court can deem plaintiff's facts as admitted for purposes of summary judgment because

4

defendants never controverted them specifically, as our local rules require. *See* D. Kan. Rule 56.1(b)(2) ("All material facts set forth in this statement of the non-moving party will be deemed admitted for the purpose of summary judgment unless specifically controverted by the reply of the moving party."). Thus, plaintiff has met his burden when opposing summary judgment to come forward with facts showing a triable issue. *See Kannady*, 590 F.3d at 1169 (explaining that a "movant [seeking summary judgment] need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim," and "[i]f the movant carries this initial burden, the nonmovant may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." (citations and internal quotation marks omitted)).

*Third,* defendants argue, summary judgment is appropriate because plaintiff cannot establish a constitutional violation under the *Garcetti/Pickering* test because: (1) plaintiff made his speech pursuant to his official duties; (2) plaintiff spoke about a personal employment grievance and not about a matter of public concern; and (3) ESU's interests to promote the efficiency of public service outweigh plaintiff's free speech interests. Doc. 75 at 6–20. To support these arguments, defendants cite various facts that—they contend—show no genuine issues for trial. But, because defendants never filed a Statement of Facts as required by this court's local rules, the court cannot find many of these facts in the summary judgment record. The court recognizes that defendants, in this portion of their motion, have cited various exhibits to support their asserted facts. But, in response, plaintiff has come forward with his own citations to the summary judgment facts that present triable issues on his § 1983 claims. *See* Doc. 78-1 at 2–22. And defendants never have controverted any of those facts because they

5

never filed a Reply. On this record, the court cannot conclude that defendants are entitled to summary judgment under the *Garcetti/Pickering* test as a matter of law.

*Finally*, defendants argue that they are entitled to qualified immunity against plaintiff's § 1983 claims. Doc. 75 at 20–22. They assert that plaintiff cannot show that defendants violated a clearly established right when the challenged conduct occurred. Specially, defendants argue:

> First, it is not clearly established law in this Circuit or outside of it that a complaint by a professor with a policy-imposed reporting requirement regarding racial harassment on campus is not speaking pursuant to his official duties. Second, it is not clearly established law in this Circuit or outside of it that accusing a co-worker of racial harassment is on a matter of public concern as opposed to an internal dispute among co-workers. Third, it is not clearly established law in this Circuit or outside of it that University officials faced with reaccreditation and a toxic disruption among co-workers, including an accusation against a co-worker of racial harassment, knowingly violated the law by weighing these interests against a professor's free speech rights. Finally, it is not clearly established in this Circuit or outside of it that an employee's accusation against another employee regarding racial harassment based only on an incomplete handwriting analysis does not amount to defamation and the University officials are entitled to qualified immunity in determining that [plaintiff's] statements were not constitutionally protected.

*Id.* at 21–22. To frame the qualified immunity question in this fashion, the court must find that the summary judgment record establishes the facts—as defendants present them in each of the four scenarios recited in its brief. But defendants have failed to provide appropriate citations to the summary judgment record—as both the federal and local rules require—for the court to find that the summary judgment record establishes these facts as a matter of law. Also, plaintiff argues in his response to defendants' qualified immunity argument, defendants violated clearly established law when they placed him on a "cooling off" period that prevented him from speaking out against racism and discrimination at ESU and from correcting falsehoods ESU had endorsed after it investigated his complaints. Doc. 78-1 at 28. Specifically, plaintiff argues that these actions violated his clearly established First Amendment rights. *Id.* Plaintiff supports this argument with appropriate citations to the summary judgment record, including plaintiff's own

6

sworn Declaration.  *See id.* at 10–11, 14–15, 29; *see also* Doc. 79 at 7–8, 12 (Melvin Hale Decl. ¶¶ 17–18, 29).  And defendants never have controverted plaintiffs' factual statements because—again—they never filed a Reply to plaintiff's Opposition to the Motion for Summary Judgment.  On this record, the court cannot conclude on summary judgment that defendants deserve qualified immunity against plaintiff's claims.

For all these reasons, the court denies defendants' Motion for Summary Judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Summary Judgment (Doc. 74) is denied.

**IT IS SO ORDERED.**

**Dated this 19th day of March, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
