# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MELVIN HALE, PH.D.,

    **Plaintiff,**

vs.

JACKIE VIETTI, PH.D.,
DAVID CORDLE, PH.D.,
JUDY ANDERSON,
KEVIN JOHNSON,
RAY LAUBER,
MIRAH DOW, PH.D. and
GARY WYATT, PH.D.,

    **Defendants.**

Case No. 16-4183-DDC-KGG

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] plaintiff Melvin Hale's Motion to Allow Witness Testimony by Telephone or Video Conference (Doc. 87). Defendants, collectively, have filed a Response (Doc. 90). And, Dr. Hale has filed a Reply (Doc. 98).

Plaintiff contends that the court should permit remote testimony in his upcoming trial. Specifically, plaintiff intends to call three or fewer witnesses who live more than 100 miles from the trial in Topeka, Kansas. So, plaintiff cannot compel these witnesses' attendance by trial subpoena under Federal Rule of Civil Procedure 45(c).[2] And, plaintiff asserts that he lacks the financial means to defray travel and lodging expenses for these witnesses.

---

[1] Because plaintiff proceeds pro se, the court construes his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers).

[2] Plaintiff never suggests that the witnesses reside, work, or conduct regular business in person in Kansas. Under Federal Rule of Civil Procedure 45(c)(1)(B)(ii), a subpoena may command a person to attend the trial if the trial is "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Plaintiff has neither identified the potential witnesses nor argued that Rule 45(c)(1)(B)(ii) applies.

In response, defendants argue, plaintiff has not satisfied his burden under Federal Rule of Civil Procedure 43(a)—that is, defendants assert that plaintiff has not established compelling circumstances warranting remote testimony, nor has plaintiff ensured appropriate safeguards. Doc. 90 at 2. The court agrees and denies Dr. Hale's motion for the reasons explained, below.

## I. Legal Standard

Generally, a witness's testimony at trial must be taken in open court. *See* Fed. R. Civ. P. 43(a). But, Rule 43 also "provides that testimony by contemporaneous transmission (by telephone or videoconference, for instance) may be taken in open court '[f]or good cause in compelling circumstances with appropriate safeguards.'" *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013) (quoting Fed. R. Civ. P. 43(a)).

Mere inconvenience for the witness does not satisfy the good cause standard. *Gil-Leyva v. Leslie*, No. 18-1209, 2019 WL 2651093, at *3 (10th Cir. June 27, 2019). Generally, Rule 43(a) applies when a witness cannot appear in person "for unexpected reasons, such as accident or illness[.]" *Id.* (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment). In contrast, other reasons "must be approached cautiously." *Id.* (citation omitted).

## II. Discussion

The court denies plaintiff's motion because he has not satisfied Rule 43(a)'s good cause standard. Plaintiff's motion states that he would have to pay for the witnesses' travel and lodging expenses, indicating that the witnesses themselves face financial difficulties.[3] Plaintiff does not identify the potential witnesses by name, nor does he explain the extent of their financial difficulties. That said, "financial hardship isn't the type of 'unexpected reason[ ]' that is 'typically required in a showing of good cause for telephonic testimony.'" *Gil-Leyva*, 2019

---

[3] Plaintiff's motion indicates that the unnamed witnesses fall outside the subpoena power of the court; so, the court concludes that plaintiff is not referring to the associated witness and mileage fees for trial subpoenas.

WL 2651093, at *3 (quoting *Eller*, 739 F.3d at 478). Also, Rule 43 applies when the witness cannot appear for "'unexpected reasons, such as accident or illness,' and not when it is merely 'inconvenient for the witness to attend the trial.'" *Eller*, 739 F.3d at 478 (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment). Plaintiff's argument skews toward inconvenience. And, while plaintiff provides some reason to support his request, it is not an unexpected reason. The court thus finds plaintiff's argument unpersuasive.

*Second*, even if good cause were established, "Rule 43(a) . . . is by its own terms permissive and not mandatory[.]" *Eller*, 739 F.3d at 478. And, "the importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. Plaintiff concedes that remote testimony is "not a favored solution," but asserts that the witnesses can present testimony to authenticate documents [4] and establish context. Doc. 87 at 2–3. Plaintiff does not explain the scope or subject matter of the context that the unnamed witnesses would offer remotely. Without more, the court (and the defendants) cannot determine whether the unnamed witnesses might testify to issues where the ceremony of trial would encourage truthtelling. The court thus concludes that the court—even if plaintiff could establish good cause—would lack detail necessary to decide how to exercise its discretion under Rule 43(a).

## III. Conclusion

For the reasons explained above, the court denies plaintiff's Motion to Allow Witness Testimony by Telephone or Video Conference (Doc. 87).

---

[4] Also, plaintiff asserts that he was unable to secure deposition testimony from witnesses because of financial hardship. The court is mindful of plaintiff's situation and notes it here only to illustrate that this circumstance did not make the witnesses unavailable for trial for unexpected reasons.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Melvin Hale's Motion to Allow Witness Testimony by Telephone or Video Conference (Doc. 87) is denied.

**IT IS SO ORDERED.**

**Dated this 3rd day of July, 2019, at Kansas City, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**