**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MELVIN HALE,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 16-4183-DDC** |
| **DAVID CORDLE,** | |
| **Defendant.** | |

<u>**PROPOSED JURY INSTRUCTIONS USED AT INSTRUCTIONS CONFERENCE**</u>

<u>INSTRUCTION NO. 1</u>

MEMBERS OF THE JURY:

The presentation of evidence is now complete. I gave you some general instructions and definitions at the outset of this case and I now give you these final instructions. You may read along with me, or you may simply listen as I read these instructions. If you read along, stay with me. Each of you will have a copy of the instructions to take with you to the jury room for further reference during your deliberations.

You must follow the law as set out in these instructions and apply that law to the facts you find from the evidence presented in this trial. No single instruction or smaller group of instructions states the law; you must consider all the instructions as a whole. You are not to question the wisdom of any of these instructions.

INSTRUCTION NO. 2

You must weigh and consider this case without sympathy and without bias for or against any party.  You must not be influenced by anything other than the issues of the case, the evidence in this case, and the law as I have provided it in these instructions.

You must consider and decide this case as a lawsuit between persons of equal standing in the community.

You are to perform your duty without bias for or against any party or person.  The law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  That was the promise you made and the oath you took before being accepted by the parties as jurors.  They have the right to expect nothing less from you.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in this case, and the law as I give it to you.

INSTRUCTION NO. 3

The burden is on the plaintiff in a civil case, such as this one is, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant on that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence that, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses (regardless of who may have called them) and all exhibits received in evidence (regardless of who may have produced them).

You probably have heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

INSTRUCTION NO. 4

This instruction generally describes plaintiff's claim and defendant's position on his claim, as stated in the case.  The next instruction specifically describes the things (sometimes called "elements") that plaintiff must prove to prevail on his or her claim.  This statement of the parties' positions is not to be considered by you as evidence in the case.  The allegations of the parties must be established and proved by the evidence.

Plaintiff contends that defendant Cordle retaliated against him for exercising his First Amendment rights when defendant Cordle made the decision not to renew plaintiff's employment contract after plaintiff complained to university about a racial slur found on campus. Defendant Cordle asserts that plaintiff's exercise of his First Amendment rights was not a motivating factor in his decision not to renew plaintiff's contract; rather, the employment decision was a result of plaintiff's failure to submit a portfolio for review and poor student evaluations.  Defendant Cordle also asserts that he would have reached the same decision (not to renew plaintiff's contract) even if plaintiff had not engaged in protected speech.

## INSTRUCTION NO. 5

Plaintiff seeks compensation from defendant Cordle for damages that plaintiff contends were caused by defendant Cordle allegedly retaliating against plaintiff for exercising his rights under the First Amendment to the Constitution of the United States.

To establish his claim that defendant Cordle retaliated against him for exercising his First Amendment rights, plaintiff must prove several elements. Some of these elements are questions of law, and so, the court will decide those questions. But two of the elements are questions of fact that the jury must decide. This instruction identifies those two elements you must decide.

To prevail on his claim that defendant Cordle retaliated against plaintiff for exercising his First Amendment rights, plaintiff must prove by a preponderance of the evidence that:

First Element: Defendant Cordle took an adverse employment action against plaintiff by not renewing his contract at Emporia State University; and,

Second Element: Plaintiff's exercise of his right to free speech was a substantial or motivating factor in Cordle's decision not to renew plaintiff's contract at Emporia State University.

If you find that plaintiff has proved both of these elements, then you must consider defendant Cordle's defense that he would not have renewed Mr. Hale's contract anyway. To prevail on this defense, defendant Cordle must prove by a preponderance of the evidence that he would have made the same decision (not renewing plaintiff's contract as a professor at Emporia State University) if plaintiff had not spoken to university officials, law enforcement, students, and the media about a racial slur and alleged racial discrimination at Emporia State University.

If you find plaintiff has proved both elements of his claim and if you find that defendant Cordle has not proved his defense, you must then decide the issue of plaintiff's damages. But, if

you find that plaintiff failed to prove each one of the two elements he must prove, or if you find that defendant Cordle has proved his defense, then you must find for defendant Cordle.

## INSTRUCTION NO. 6

You may consider as evidence the testimony of witnesses in person, and the exhibits admitted into evidence, which you will have in the jury room during your deliberations.

# INSTRUCTION NO. 7

Some things are not evidence.  I now specify some of the things that are not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.  Likewise, statements, arguments, questions, and comments by the plaintiff—except while testifying from the witness chair—are not evidence.

2. Documents or other things that were not received as exhibits are not evidence.  This is so even though a witness, a party, or an attorney may have referred to the document or thing during the trial.

3. Objections are not evidence.  A party representing himself and lawyers representing a party have a right—and sometimes a duty—to object when they believe something should not be a part of the trial.  Do not be influenced one way or the other by objections.  If I sustain an objection to a question or an exhibit, that means the law does not allow you to consider that information.  When that happens, you must ignore the question or the exhibit, and you must not guess what the information might have been.

4. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

INSTRUCTION NO. 8

At times during the trial, I ruled upon objections to the admission of certain things into evidence. Questions about the admissibility of evidence are solely questions of law for the court, and you must not concern yourselves with the reasons for my rulings. In your consideration of the case, you must draw no inferences from these rulings and you must consider only the evidence which I admitted.

INSTRUCTION NO. 9

Neither in these instructions nor in any ruling, action, or remark that I have made during the course of this trial have I intended to interpose any opinion or suggestion about how I would resolve any of the issues in this case.

INSTRUCTION NO. 10

The parties may prove any fact through either direct or circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though not proved directly.

In deciding if a fact has been proved by circumstantial evidence, you will consider all the evidence in the light of reason, common sense, and experience. You may give the same weight to circumstantial evidence as you give to direct evidence.

INSTRUCTION NO. 11

You are permitted to draw reasonable inferences from the testimony and exhibits you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts established by the testimony and evidence in the case.

INSTRUCTION NO. 12

You must consider all the evidence, but you need not accept all evidence as true or accurate.

You will determine the weight and credit to be given the testimony of each witness. You may use common sense, common knowledge, and experience in weighing that testimony. The number of witnesses who testify about a matter may or may not determine the weight of the evidence. The testimony of a fewer number of witnesses concerning any fact may be more credible than the testimony of more witnesses to the contrary.

Similarly, you will determine the weight and credit to be given to each exhibit.

INSTRUCTION NO. 13

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider the witness's relationship to the plaintiff or to the defendant; any interest the witness may have in the outcome of the case; the witness's manner while testifying; the opportunity and ability to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

When weighing conflicting testimony you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In addition, while you must consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

INSTRUCTION NO. 14

A witness may be discredited or "impeached" by contradictory evidence, or by evidence that at some other time the witness has said or done something, or failed to say or do something, which is inconsistent with the witness's testimony at trial.

If you believe any witness has been so impeached, you may give the testimony of that witness such weight as you believe it deserves.

If a witness is shown to have deliberately testified falsely concerning any material matter, you have a right to distrust that witness's testimony. You may reject any part or all of that witness's testimony. An act or omission is deliberate if done voluntarily and intentionally and not through mistake, accident, or other innocent reason.

INSTRUCTION NO. 15

You must not engage in any discussion of damages unless, first, you have determined that Plaintiff should prevail on his claim against defendant Cordle, as covered elsewhere in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication that the court thinks damages should or should not be awarded.

INSTRUCTION NO. 16

If you find that defendant Cordle is liable to plaintiff, then you must determine an amount that is fair compensation for plaintiff's damages. These damages are known as compensatory damages. The purpose of compensatory damages is to make plaintiff whole—that is, to compensate plaintiff for the damages he has suffered.

You may award compensatory damages only for injuries that plaintiff proves were caused by defendant Cordle's allegedly wrongful conduct. The damages you award must be fair compensation for all of plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that plaintiff is reasonably likely to suffer in the future.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. Also, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

You should consider the following elements of damage, to the extent you find plaintiff has proved these damages by a preponderance of the evidence:

- Damages to date for lost income

- Emotional distress damages

- Future damages

- Interest

INSTRUCTION NO. 17

If you find that plaintiff have established a right to recover from defendant Cordle but that plaintiff has suffered no harm, you may award plaintiff nominal damages. Nominal damages are a trivial sum of money, usually one cent or one dollar, awarded to a party who has established a right to recover but has not established that they are entitled to compensatory damages.

INSTRUCTION NO. 18

If you find that plaintiff have established a right to recover compensatory damages from defendant Cordle, you also may consider whether to award punitive damages. Punitive damages serve the dual purposes of deterrence and retribution. Specifically, the focus must be on whether the defendant's actions call for deterrence and punishment over and above that provided by compensatory awards.

Punitive damages may be awarded when a defendant's conduct is shown to be driven by evil motive or intent, or when defendant's conduct involves reckless or callous indifference to the federally protected rights of others.

## INSTRUCTION NO. 19

I have instructed you concerning plaintiff's damages, but that does not mean I believe the plaintiff should, or should not, prevail in this case. That decision rests entirely with you.

Your verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

As jurors, you must consult with one another and deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own views or to change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or simply to return a verdict.

Remember at all times you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 20

In considering the evidence in this case, you are expected to use your good sense; consider the evidence for only those purposes for which it has been admitted, and give it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

You are to perform your duty without bias as to any party or person. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. That was the promise you made and the oath you took before being accepted by the parties as jurors and they have the right to expect nothing less.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in, and the law applicable to, this case.

INSTRUCTION NO. 21

At the beginning of trial, I instructed that you could take notes during the course of trial and cautioned that your note-taking should not interfere with your duty to listen and consider all the evidence. Now that you are about to begin your deliberations, I would like to comment on your use of any notes during the deliberations.

There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.

Therefore, you are instructed that your notes are only a tool to aid your own individual memory. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. If you did not take notes, you should rely upon your own independent recollection or memory of what the evidence was, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror as to what the evidence was. Above all, your memory should be your greatest asset during your deliberations.

INSTRUCTION NO. 22

You will now hear closing arguments.  Their role is to offer interpretations of the evidence consistent with their respective causes.  Please give them your thoughtful and respectful attention.

[REMAINING INSTRUCTIONS GIVEN AFTER CLOSING ARGUMENTS]

## INSTRUCTION NO. 23

This is an important case.  If you should fail to reach a decision, the case is left open and undecided.  Like all cases, it must be decided sometime.  There is no reason to believe that the case can be tried again any better or more exhaustively than it has been.  There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side.

Also there is no reason to believe that the case would ever be submitted to people more intelligent or more impartial or more reasonable than you.  Any future jury must be selected in the same manner that you were.

This does not mean that those favoring any particular position should surrender their honest convictions as to the weight or effect of any evidence solely because of the opinion of other jurors or because of the importance of arriving at a decision.

This does mean that you should give respectful consideration to each other's views and talk over any differences of opinion in a spirit of fairness and candor.  If at all possible, you should resolve any differences and come to a common conclusion so that this case may be completed.

INSTRUCTION NO. 24

When you retire to the jury room, you will first select one of your members to preside over your deliberations, speak for the jury in court and sign the verdict upon which you agree.

In this case your verdict will be returned in the form of written answers to special written questions submitted by the court. Your answers will constitute your verdict. Your answers to the questions must be unanimous. Your verdict must be founded entirely upon the evidence admitted and the law as given in these instructions.

It is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## INSTRUCTION NO. 25

During your deliberations, that is when all of you are together in the jury room, you are released from the admonition regarding discussion of the case. The admonition regarding discussion remains in effect at any time when all of you are not in the jury room, or when you are away from the courthouse. The admonition regarding reading, listening to or watching news reports about the case, doing any sort of independent investigation or discussing the case with any third party, remains in effect at all times until such time as I release you from the admonition. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. I cannot overemphasize the importance of this admonition.

INSTRUCTION NO. 26

If it becomes necessary during your deliberations to communicate with the court, please write out your message or question, have the presiding juror sign and date it, and give the note to the law clerk stationed outside of the jury room. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath taken by the law clerk that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. With regard to any message or question you might send, you should never state or specify your numerical division at the time. In other words, do not reveal how the group is voting, unless it is in response to a direct question from me about your division. Bear in mind, also, that you are never to reveal to any person how the jury stands—numerically or otherwise—on the question before you, until after you have reached an unanimous verdict.

INSTRUCTION NO. 27

A final suggestion by me—not technically an instruction upon the law—may assist your deliberations. The attitude of jurors at the outset of and during their deliberations is important. It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict. The reason is obvious: we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound. Jurors are selected for the purpose of doing justice. This presupposes and requires deliberation—counseling together in an effort to agree. Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties. You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been adduced. No one can ask more and you will not be satisfied to do less.


_____
**Daniel D. Crabtree**
**United States District Judge**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

Melvin Hale,

        Plaintiff,

v.

David Cordle,

        Defendant.

Case No. 16-cv-4182-DDC

## VERDICT FORM

**Question No. 1:**  Has plaintiff shown by a preponderance of the evidence that defendant Cordle's decision not to renew plaintiff's contract at Emporia State University was an adverse employment action against plaintiff?

    Yes _____           No _____

**If the answer is "Yes" on Question 1, proceed to answer Question No. 2.  If the answer is "No" on Question 1, do not answer any of the following Questions.  The jury foreperson should sign and date this Verdict Form.**

**Question No. 2:**  Has plaintiff shown by a preponderance of the evidence that plaintiff's complaints about the racial slur was a substantial or motivating factor for Cordle's decision not to renew plaintiff's contract at Emporia State University?

    Yes _____           No _____

**If the answer is "Yes" on Question 2, proceed to answer Question No. 3.  If the answer is "No" on Question 2, do not answer of the following Questions.  The jury foreperson should sign and date this Verdict Form.**

**Question No. 3:**  Has defendant Cordle shown by a preponderance of the evidence that he would have made the same decision (not renewing plaintiff's contract) if plaintiff had not have spoken about the racial slur and alleged racial discrimination at Emporia State University?

    Yes _____           No _____

**If the answer is "Yes" on Question 3, do not answer Question No. 4. The jury foreperson should sign and date this Verdict Form.**

**Question No. 4:** Please state the amount of damages, if any, which plaintiff sustained because of such retaliation.

       Nominal Damages:      _____

       Compensatory Damages:  _____

       Punitive Damages:      _____

**The jury foreperson must sign and date this Verdict Form, below.**


_____      _____
Date                                Foreperson